# United States District Court
# Northern District of Indiana

| | |
|---|---|
| TERRANCE SNELLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:17-CV-162 JVB |
| v. | ) |
| | ) |
| STEVEN RICHMOND, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Terrance Snelling, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Snelling is an inmate confined at the St. Joseph County Jail. He alleges that on February 3, 2017, he was given a fish sandwich to eat at the jail, which contained a "hard unidentified

metallic foreign object." (DE 1 at 3.) He claims that he chipped his tooth when he bit into the sandwich. He sues Jill Chadwell, a food services employee at the jail, for money damages.

As a threshold matter, Snelling does not explain how Ms. Chadwell was involved in his being served a sandwich containing a foreign object. Instead, it appears he is suing her simply because she worked in food services at the jail. This is fatal to his claim against her. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Even if he could name the person who allowed the sandwich to be served to him, Snelling's claim would still fail because it does not state a federal claim. To state a valid cause of action under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394, (1989). Section 1983 was intended to protect only rights guaranteed by federal law, and not to create tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d. 841, 849 (4th Cir. 1985). "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, [the plaintiff] must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [his] welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123,

124 (7th Cir. 1994). Negligence, gross negligence, or even "recklessness" as that term as used in tort cases, is insufficient to constitute an Eighth Amendment violation. *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.), *cert. denied*, 479 U.S. 816 (1986). At most, Snelling has asserted that he was served a sandwich that mistakenly contained a foreign object lodged inside, which may amount to a state law claim of negligence, but states no claim under §1983. *Daniels v. Williams*, 474 U.S. 327, 335 (1986). Though Snelling has no federal claim based on these allegations, the court will dismiss this claim without prejudice so that Snelling can pursue it in state court if he desires to do so.

Next, Snelling complains that the toilet in his cell is broken and alleges that this constitutes an Eighth Amendment violation. However, it is apparent from the complaint that Snelling did not exhaust his administrative remedies with respect to this claim before filing suit. (DE 1 at 5.) Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although the failure to exhaust is an affirmative defense, dismissal at this stage is appropriate if the defense is "unmistakable" and "apparent from the complaint itself." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002); *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (dismissal on the basis of an affirmative defense is appropriate when the plaintiff pleads himself out of court). Snelling's complaint meets this standard.

To satisfy the exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by

3

following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023. Here, Snelling admits that he submitted his grievance on the same day he filed this complaint. (DE 1 at 5.) This allegation makes clear that there is a grievance process available at the jail, but that Snelling opted not to seek relief through this process before initiating this lawsuit.

The U.S. Supreme Court has made clear that exhaustion is not optional but is instead a mandatory prerequisite to filing suit over prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Snelling does not allege, nor can it reasonably be inferred, that jail staff made the grievance process unavailable to him by failing to provide the necessary forms or otherwise hindering his efforts to file a grievance. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Instead, he chose to file this lawsuit on the same day he filed his initial grievance. He is required to follow the grievance process established by the facility. *Pozo*, 286 F.3d at 1023. Because it is apparent from the complaint that Snelling has not exhausted his administrative remedies, Section 1997e(a) requires that this claim be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

For these reasons, the court **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on March 1, 2017.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division